```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MONTANA
                        MISSOULA DIVISION
     _____

UNITED STATES OF AMERICA,

          Plaintiff,              CR 08-10-M-DWM

     vs.

JAY FRANDSEN,                     FINDINGS AND RECOMMENDATION
JAY LOVELL SHUMWAY,               OF U.S. MAGISTRATE JUDGE
LARRY THERON HUTCHINGS, and
ROGER KEITH HUTCHINGS,

          Defendants.
     _____
```

## I.   INTRODUCTION

On October 29, 2008, United States District Judge Donald W. Molloy referred this matter to the undersigned for the purpose of determining whether, under authority of 18 U.S.C. § 3006A(f), the Court should order Defendants Jay Frandsen, Larry Hutchings, and Roger Hutchings to reimburse all or part of the attorneys' fees paid to their court-appointed attorneys in the course of this criminal prosecution. On November 17, 2008, the Court conducted a hearing to consider testimony and evidence relative to each Defendants' present financial condition. The Court notes that no representative of the U.S. Attorney's Office appeared at the hearing. Having considered the evidence and testimony presented, the Court finds that none of the Defendants have the requisite

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - Page 1

financial ability to pay any fees, and an order requiring them to reimburse their attorneys' fees is not warranted.

## II.   **APPLICABLE LAW UNDER 18 U.S.C. § 3006A**

Two provisions of 18 U.S.C. § 3006A, subsections (c) and (f), provide the Court with authority to "order the payment or partial payment of court-appointed attorney's fees if it finds that the defendant is financially able to pay." *United States v. Lorenzini*, 71 F.3d 1489, 1494 (9th Cir. 1995).  Subsection (c) provides as follows:

> If at any time after the appointment of counsel the United States magistrate judge or the court finds that the person is financially able to obtain counsel or to make partial payment for the representation, it may terminate the appointment of counsel or authorize payment as provided in subsection (f), as the interests of justice may dictate.

18 U.S.C. § 3006A(c).  Additionally, subsection (f) permits a court to order a defendant to reimburse any attorneys' fees

> [w]henever the United States magistrate judge or the court finds that funds are available for payment from or on behalf of a person furnished representation[.]

18 U.S.C. § 3006A(f).

The above-quoted subsections of § 3006A are each written in the present tense, thereby establishing that "[t]he focus is on the defendant's *present* ability to pay for his representation." *United States v. Evans*, 155 F.3d 245, 252 n.8 (3rd Cir. 1998) (emphasis in original).  Accordingly, a reimbursement order can only be imposed based on a finding of the defendant's "present"

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - Page 2

or "current" ability to pay the fees. *Lorenzini*, 71 F.3d at 1494 (quoting *United States v. Seminole*, 882 F.2d 441, 444 (9th Cir. 1989)).

Under § 3006A(f), the defendant bears the burden of establishing "by a preponderance of the evidence that he is financially unable to reimburse the cost of representation." *Evans*, 155 F.3d at 252 n.8 (citing *United States v. Lefkowitz*, 125 F.3d 608, 621 (8th Cir. 1997) and *United States v. Harris*, 707 F.2d 653, 660 (2nd Cir. 1983)).

Once a defendant has sufficiently met his burden to demonstrate an inability to pay the fees, the court must proceed with a "full inquiry into his actual ability to bear those costs." *Museitef v. United States*, 131 F.3d 714, 716 (8th Cir. 1997) (citations omitted). The test for determining a defendant's ability to pay "is whether repayment would cause such financial hardship as to make it impractical or unjust." *Id*. (citing *United States v. Bracewell*, 569 F.2d 1194, 1199 (2nd Cir. 1978)). The determination must be made "in light of the liquidity of the individual's finances, his personal and familial needs, or changes in his financial circumstances." *Id*. (citations omitted). *See also Evans*, 155 F.3d at 252 n.8.

The Court's decision on the issue of whether to order reimbursement under 18 U.S.C. § 3006A(f) is discretionary. *United States v. Bell*, 2007 WL 2303587, *2 (N.D. Ill. 2007)

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - Page 3

(citing *United States v. Embry*, 128 F.3d 584, 585 (7th Cir. 1997)).

**III. DISCUSSION**

In accordance with the Court's October 30, 2008 Order, the Defendants filed various documents relative to their financial conditions. Jay Fransden, Larry Hutchings, and Roger Hutchings each filed copies of their respective 2006 and 2007 U.S. Individual Income Tax Returns. Larry Hutchings also filed various documents regarding (1) a civil judgment entered in the State of Utah against him and against Roger Hutchings, and (2) a trust created by Larry and Roger Hutchings' mother.

Also before the Court are the financial affidavits (Form CJA 23) previously signed by each Defendant in support of the Court's appointment of their present counsel. Roger Hutchings signed his affidavit on April 14, 2008, and it was filed with the Court on April 16, 2008. Jay Frandsen signed his affidavit without dating it, but it is filed with the Court on April 21, 2008. Larry Hutchings signed his affidavit on April 16, 2008, and it is filed with the Court on April 21, 2008.

Further financial information was also provided to the Court through the testimony of each Defendant, and through each Defendant's attorney as discussed below.

**A.   Jay Frandsen**

Counsel for Jay Frandsen, Morgan Modine, made various

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - Page 4

representations to the Court on Frandsen's behalf.  Mr. Modine advised that Frandsen is unemployed, has had negative income in recent years, and has no income at this time.  Frandsen does not own any assets, and he presently rents a basement apartment.  Mr. Modine also advised that Frandsen owes taxes to the State of Utah and to the United States which Frandsen has been unable to pay.

Jay Frandsen testified at the November 17, 2008 hearing in this matter.  With regard to his 2006 and 2007 U.S. Individual Income Tax Returns, Frandsen affirmed that the information set forth in those returns is true to the best of his knowledge and belief.  Frandsen also affirmed the accuracy of the information he previously provided in his financial affidavit filed April 21, 2008.  Frandsen affirmed that he is unemployed, that he has received limited and minimal income in the past as represented in his affidavit, and that he presently does not own any interest in any real estate, stocks, or bonds.  Frandsen confirmed that the only item of property he owns is a 1990 Pontiac van.

### B. Larry Hutchings

Dan Wilson, counsel for Larry Hutchings, presented information to the Court on November 17, 2008, on behalf of Larry Hutchings.  Mr. Wilson pointed out that the 2006 and 2007 tax returns reflect that Hutchings had a net loss in each of those years.  Mr. Wilson advised that Larry Hutchings is employed as a chiropractor, but his employment produces limited income.

According to Mr. Wilson, Mr. Hutchings has no appreciable assets.

Mr. Wilson also informed the Court relative to the trust documents he filed in this matters on behalf of Larry Hutchings. The documents reflect the existence of a trust set up by Larry and Roger Hutchings' mother.  Mr. Wilson stated that Larry Hutchings' interest in the trust is as a beneficiary of the trust, but that his interest will not yield any benefit to him due to liens filed against the corpus of the trust.  Mr. Wilson represented that there is no equity in the real property that constitutes the corpus of the trust.

Finally, Mr. Wilson advised that Larry Hutchings is subject to two civil judgments filed against him personally.  One judgment is for an amount over $2 million, and the other judgment is for an amount slightly over $10,000.  As of the time of the hearing in this matter Larry Hutchings had recently received notice that an execution of one of the judgments would result in the sale of various items of his personal property in late November 2008.

Larry Hutchings testified at the November 17 hearing with respect to his financial condition.  He confirmed the accuracy of the information set forth in his April 16, 2008 financial affidavit.  He affirmed the limited monthly income from his practice as a semi-retired chiropractor, and from social security benefits as stated in his affidavit.  He stated he does not own

any interest in real estate, that he has no money in any personal savings accounts, and that he does not own any stocks or bonds.

Larry Hutchings also testified as to his investments in the South African transaction that was the subject of this criminal prosecution. He confirmed the testimony he gave during the trial in this matter, and further testified that although he had invested over $250,000 in the South African transaction, those investments were made in 2001, 2002, and 2003. The investments were from his own personal financial resources which he had at the time, but he has not acquired any substantial income since that time.

Finally, Larry Hutchings testified with respect to the 2006 and 2007 U.S. Individual Income Tax Returns he filed in this case. He affirmed that the information set forth therein is true to the best of his knowledge and belief.

### C. Roger Hutchings

Roger Hutchings' counsel, Andy Nelson, appeared at the November 17 hearing. Mr. Nelson advised that the trust documents, and information relative to the trust as presented to the Court by Mr. Wilson, applied equally to Roger Hutchings.

With respect to Roger Hutchings' financial affidavit, Mr. Nelson advised that Hutchings was employed in 2006, but that he stopped working in August 2006 to care for his wife who became ill with cancer.

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - Page 7

Roger Hutchings testified as to his financial condition. Through his testimony he affirmed the information set forth in his April 14, 2008 financial affidavit. He confirmed that all of the information in that affidavit is current as of the date of the November 17 hearing. He testified that he has no real estate interests, and no stocks, bonds or savings accounts. Roger Hutchings also testified that the information contained in his 2006 and 2007 U.S. Individual Income Tax Returns filed in this case is true to best of his knowledge and belief.

Roger Hutchings also testified with respect to the testimony he provided during the trial in this matter on the topic of his investments in the South African transaction. He testified that his approximately $60,000 investment in the transaction was made prior to 2003.

Roger Hutchings similarly presented testimony with respect to the above-referenced trust. He stated that several liens and consensual mortgage liens are filed against the real property held in the trust. Some of the liens are a result of expenses incurred for the care of Larry and Roger Hutchings' mother, but that a substantial portion of the liens are due to the judgment entered against Larry and Roger Hutchings in the State of Utah for an amount over $2 million. Roger Hutchings testified that the total financial amount of the various liens exceeds the value of trust.

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - Page 8

## IV. CONCLUSION

Based on the record before the Court, and the testimony provided by each Defendant as summarized above, and without divulging any otherwise private or confidential information in this recommendation, the Court finds, in accordance with the legal authority set forth above, that neither Jay Frandsen, Larry Hutchings, nor Roger Hutchings have the present financial ability to reimburse any attorneys' fees expended on their behalf in this matter. **THEREFORE, IT IS HEREBY RECOMMENDED** that an order for reimbursement of attorneys' fees under 18 U.S.C. § 3006A is not warranted.

DATED this 12th day of December, 2008.

      /s/ Jeremiah C. Lynch
      Jeremiah C. Lynch
      United States Magistrate Judge